## North Street Bridge.

*Bridges—County bridge — Action of grand jury — Approval of court—Act of February 14, 1907, P. L. 3—Appeals—Premature appeal—Quashing appeal.*

1. Where, under the Act of February 14, 1907, P. L. 3, the county commissioners petition for the construction of a new county bridge, and the grand jury approves of such construction, and the court of quarter sessions makes an order allowing the report of the grand jury to stand, but withholding the approval "at this time," such order is neither an approval nor disapproval by the court, within the meaning of the Act of 1907, and is consequently not a final order from which an appeal lies.

Argued November 23, 1926. Before FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 247, Jan. T., 1926, by D. M. Rosser et al., County Commissioners, from judgment of Superior Court, Feb. T., 1926, No. 25, affirming order of Q. S. Luzerne Co., June T., 1925, No. 676, in the matter of the proposed North Street Bridge, over the Susquehanna River at Wilkes-Barre. Reversed and appeal quashed.

Appeal from order of quarter sessions. See 88 Pa. Superior Ct. 209.

The facts appear by the opinion of the Supreme Court.

Order affirmed by Superior Court. D. M. Rosser et al., County Commissioners, appealed.

*Error assigned* was judgment, quoting it.

*John H. Dando* and *Francis Shunk Brown,* with them *Ira Jewell Williams, Jr., W. A. Valentine* and *B. W. Davis,* for appellants.

No printed brief for appellee.

OPINION BY MR. JUSTICE FRAZER, January 3, 1927:

The County Commissioners of Luzerne County presented their petition to the court of quarter sessions, for approval of the erection of a new bridge over the Susquehanna River, between the City of Wilkes-Barre and the Borough of Kingston, in place of one now in use, known as the North Street Bridge, in which it was averred that "the present bridge and its approaches, including the pond-hole bridges, are inadequate and there is urgent, pressing and great need for a new bridge and approaches over said river and for an improved highway free from overflow at high water periods." After hearing, the court directed, "without approving or disapproving at this time, that the same be laid before the grand jury, for action precedent to any further action of approval or disapproval by the court." Subsequently the grand jury, "after full hearing, investigation and consideration as well as deliberation," approved "the petition with accompanying plans, drawings and specifications." Thereupon the court struck from the report as surplusage, the jury's approval of the plans as being beyond its proper function and contrary to instructions, but allowed the report to stand "solely as the grand jury's approval of replacement with a new bridge," withholding, however, the court's "approval of such replacement at this time, being of opinion that, in order to relieve present traffic congestion with the greatest possible despatch, repair of the present structure should precede replacement, accompanied by proceedings to construct a third bridge." An appeal was taken by the commissioners from this order to the Superior Court, which court affirmed the order of the court below (88 Pa. Superior Ct. 209). In so doing we think error was committed.

The Act of February 14, 1907, P. L. 3, the statute under which these proceedings were had, authorizes county commissioners to construct new and sufficient bridges to take the place of those then existing, which

for any cause become inadequate to accommodate public travel, if their action shall first have the approval of the court of quarter sessions and the grand jury of the proper county. Here we have the petition of the commissioners to the effect that the present North Street Bridge is inadequate and should be replaced by a new and larger structure and an approval by the grand jury, but neither approval nor disapproval of the petition by the court of quarter sessions. In place of such final action by the court, the record discloses the withholding of its approval "at this time," of the commissioners' conclusion that the bridge be replaced with a new structure and a suggestion by the court that repair of the present bridge be made. This order is neither an approval nor disapproval of the proposed action of the commissioners as the Act of 1907 requires on the part of the court, consequently not a final order from which an appeal lies. It therefore follows that the appeal to the Superior Court was premature and should have been quashed by that tribunal.

The order of the Superior Court is reversed, the appeal of the county commissioners quashed and the record remitted to the court of quarter sessions for a final order, either approving or disapproving of the petition. Costs to be paid by County of Luzerne.